UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:15-cr-116 |
| | : | |
| vs. | : | Judge Timothy S. Black |
| | : | |
| RANDY WALLACE (3), | : | |
| | : | |
| Defendant. | : | |

**ORDER DENYING DEFENDANT'S MOTION FOR JAIL CREDIT**

This case is before the Court on Defendant's *pro se* motion for resentencing (Doc. 415) and Defendant's formal motion through counsel seeking correction of the Bureau of Prisons' ("BOP") computation of time credited for pretrial detention (Doc. 418).

## I. BACKGROUND

On November 4, 2015, Defendant Randy Wallace (3) and fifteen co-defendants were charged by way of a single count indictment with conspiracy to possess with intent to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. § 846. (Doc. 32). On December 23, 2015, Defendant was brought before a United States Magistrate Judge on a writ of habeas corpus ad prosequendum, at which time Defendant was arraigned on the federal charge and ordered detained pretrial. (Doc. 113).

On March 8, 2018, Defendant entered a plea of guilty to the charged offense, pursuant to an open plea agreement. (Doc. 329). Defendant's plea agreement did not include a recommended sentence, binding or otherwise, nor did it include any assurance or expectation as to the sentence or the computation of time served pretrial. (*See id.*)

On August 20, 2019, Defendant appeared before this Court for sentencing. (Doc. 392 at 2). During the course of the sentencing, the Court acknowledged that Defendant had been in custody on the federal offense since December 2015, constituting forty-four months of pretrial detention. (Doc. 416 at 12). And in that regard, the Court noted that Defendant would likely be serving enough additional federal time to be eligible for the BOP's 500-hour Residential Drug Abuse Program ("RDAP"). (*Id*. at 12-13, 14).[1] Ultimately, the Court sentenced Defendant to a term of sixty-nine months imprisonment and specifically stated that its imposed sentence was selected because it falls near the middle of Defendant's guideline range of 63-78 months. (*Id*. at 14).

Defendant was subsequently designated and transported to a BOP facility for service of his federal sentence. Based on the BOP's records, Defendant appears to be currently incarcerated at FCI Milan, with a scheduled release date of March 10, 2022. *See*, Find an Inmate, BOP, https://www.bop.gov/inmateloc/ (last visited Sept. 14, 2020).

Defendant, however, filed the instant motions, alleging that the BOP's computation of his release date is erroneous, as it fails to account for the forty-four months Defendant spent in pretrial detention on the federal offense. (Docs. 415, 418). Accordingly, Defendant moves for credit against his federal sentence for the time he

---

[1] In imposing Defendant's sentence and discussing participation in RDAP, the Court specifically stated: "I'm not giving you more time to get you treatment, but I think it's great that you will be eligible for the RDAP program." (Doc. 416 at 14); *see Tapia v. United States*, 564 U.S. 319, 321, 336 (2011) ("the Sentencing Reform Act precludes federal courts from imposing or lengthening a prison term in order to promote a criminal defendant's rehabilitation" but "[a] court commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs").

2

served pretrial, starting from the date of his arrest on the federal indictment (December 16, 2015) (*see* Doc. 110) until the date of his federal sentencing (August 20, 2019) (*see* Doc. 392). (Doc. 415 at 3; Doc. 418).[2]

## II. ANALYSIS

A federal term of imprisonment commences on the date that Defendant is received for transport to, or voluntarily arrives at the facility of designation. 18 U.S.C. § 3585(a). However, a defendant shall receive credit for:

> any time he has spent in official detention prior to the date the sentence commences-- (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; **that has not been credited against another sentence**.

18 U.S.C. § 3585(b) (emphasis added).

Here, at the time of Defendant's December 16, 2015 arrest on the federal charge, Defendant was serving a sentence of imprisonment at the Chillicothe Correctional Institution; and Defendant initially appeared before the United States Magistrate Judge on the federal indictment on December 23, 2015, pursuant to a writ of habeas corpus. (Docs. 72, 74, 110). Additionally, Defendant's criminal history, as detailed in his Presentence Investigation Report ("PSR"), verifies that Defendant was indeed in state

---

[2] Shortly after sentencing, Defendant wrote an informal letter to the Court to raise his concern regarding the BOP's computation of his 'time-served' credit. The Court spoke to defense counsel's office by telephone and explained that, for the same reasons set forth in this Order, *infra*, the BOP's computation appears to be correct. The Court further informed defense counsel's office that if Defendant maintained his objection to the BOP's calculation, Defendant would need to provide the Court with documentation from the BOP to evidence that the computation of time is actually erroneous. The Court has received no such documentation.

3

custody in December 2015, serving a sentence of two-years for illegal manufacturing of drugs and a concurrent eighteen-month sentence for receiving stolen property. (PSR at 17, ¶ 77-78). According to the PSR, Defendant did not complete service of those state court sentences until April 15, 2017. (*Id.*)

Thus, while Defendant was detained pretrial, for purposes of the federal case, beginning in December 2015, the time elapsing from Defendant's arrest on December 16, 2015 until the termination of his state court sentence on or about April 15, 2017 was "credited against another sentence." 18 U.S.C. § 3585(b). Accordingly, Defendant is not statutorily eligible to receive credit for that time against his federal sentence as well. *Id.*

Additionally, while the Court acknowledged at sentencing that Defendant was detained pretrial on the federal charge for a period of forty-four months (*i.e.*, since December 2015), this acknowledgement was neither an <u>assurance</u> that Defendant was *eligible* to receive forty-four months of credit against his federal sentence, nor was it intended to direct the BOP's computation of credit. (Doc. 416 at 14-18). Nor was any such assurance set forth in Defendant's plea agreement or any other document before the Court. (*See* Docs. 17-1, 329, 388, and 416).

To be sure, the Court fully intended and expected, as it does in all cases, that Defendant would receive credit for any time served <u>to which Defendant was entitled and eligible</u>. However, the Court did not condition its sentence of sixty-nine months upon Defendant's eligibility to receive credit for the full forty-four months of his pretrial

4

detention.  (Doc. 416 at 14-18).[3]  In other words, the Court did <u>not</u> sentence Defendant to serve an additional twenty-five months in BOP custody (*i.e.*, sixty-nine months less the forty-four months served pretrial).  The Court sentenced Defendant to sixty-nine months with the understanding that Defendant would receive credit for the time <u>to which he is entitled and eligible</u>.

Absent the appropriate documentation from the BOP, the Court cannot be certain as to how the BOP calculated Defendant's March 10, 2022 anticipated release date.  However, the Court notes that a sentence of sixty-nine months would make Defendant eligible for up to three hundred and eleven days of good time.  And a sentence of sixty-nine months commencing on April 15, 2017 (*i.e.*, the expiration of Defendant's state sentence) would result in a release date of January 15, 2023.  Subtracting from that date the three hundred and eleven days of good time which Defendant **may** receive, results in an anticipated release date of March 10, 2022.  Thus, this Court's estimated release computation aligns precisely with the BOP's anticipated release date.[4]

Accordingly, based upon the information before it, this Court finds no error in the BOP's computation and further finds that Defendant is not otherwise entitled to reduction of his sentence.

---

[3] In order to credit time to which Defendant is statutorily **ineligible**, the Court would need to either deduct those days from its intended sentence or otherwise specifically instruct the BOP to credit the time accordingly.

[4] The Court emphasizes that its own computation is based solely on the information available to this Court, at this time, and is in no way intended to reflect Defendant's actual or guaranteed release date, nor is it intended to serve as an instruction or recommendation to the BOP.

## III.  CONCLUSION

Based upon the foregoing, Defendant's motions to correct the computation of time credited against his federal sentence (Docs. 415, 418) are **DENIED**.

**IT IS SO ORDERED.**

Date:  9/15/2020

Timothy S. Black
United States District Judge